**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Jean Riggs on behalf of Michelle Sage Lee (deceased),<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-19-08314-PCT-MTL<br><br>**ORDER** |

At issue is the denial of Michelle Sage Lee's Application for Disability Insurance Benefits and Supplemental Security Income Benefits by the Social Security Administration. Ms. Lee's mother, Sarah Jean Riggs,[1] filed a Complaint (Doc. 1) with this Court seeking review of that denial following Ms. Lee's death. The Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant Social Security Administration Commissioner's Answering Brief (Doc. 18, Def. Br.), and Plaintiff's Reply Brief (Doc. 19, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 11) and now affirms the Administrative Law Judge's ("ALJ") decision.

**I.    BACKGROUND**

Ms. Lee applied for benefits in 2015, alleging a disability onset of January 1, 2011. (R. at 177, 183.) The Commissioner denied the application initially and on reconsideration. (R. at 56–95, 100–07, 110–15.) On August 16, 2017, Ms. Lee died from complications

---

[1] Although Plaintiff's Opening Brief states that Ms. Riggs was Ms. Lee's daughter (Doc. 14 at 2), the record, including the transcript of the ALJ hearing, makes clear that Ms. Riggs was Ms. Lee's mother. (R. at 34.)

after heart surgery and Turner Syndrome. (R. at 250, 784.) Ms. Lee's mother, Ms. Riggs, filed as a substitute party on December 26, 2018. (R. at 135.) On July 12, 2018, Ms. Riggs and a vocational expert testified before an ALJ at an administrative hearing. (R. at 32–55.) The ALJ denied Ms. Riggs's application in a written decision dated November 15, 2018. (R. at 12–31.) The Appeals Council subsequently denied review, making the ALJ's decision the final decision of the Commissioner. (R. at 1–6.) Ms. Riggs now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

The pertinent medical evidence will be discussed in addressing the issues raised by Plaintiff. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: right femur fracture status post open reduction internal fixation, status post closed hip fracture, right knee osteoarthritis, diabetes mellitus, polyneuropathy, Turner syndrome, and aortic stenosis. (R. at 18.)

The ALJ reviewed the entire record, including medical records, Ms. Riggs's testimony about Ms. Lee's condition, and opinions from a vocational expert, two State agency medical consultants, Ms. Lee's primary care physician, a psychological examiner, and two State agency psychological consultants. (R. at 19–25.) The ALJ found that Ms. Lee had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 (R. at 18), except that she could have lifted and carried twenty pounds occasionally, ten pounds frequently, stood and walked for six hours in an eight-hour day, and sat for six hours in an eight-hour day. (R. at 20.) The ALJ noted that Ms. Lee "could have frequently climbed, balanced, stooped, kneeled, crouched and crawled and must have avoided concentrated exposure to hazards." (*Id.*) Because Ms. Lee was able to perform past relevant light and semi-skilled work, the ALJ found that she was not disabled during the relevant period.

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. *Id*. At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id*. If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id*. If not, the claimant is disabled. *Id*.

## III. DISCUSSION

Ms. Riggs raises two arguments. First, she argues that the ALJ erred by assigning "little weight" to Ms. Lee's treating physician's opinion without specific and legitimate reasons based on substantial evidence in the record. (Pl. Br. at 10.) Second, Plaintiff argues that the ALJ committed legal error by rejecting her symptom testimony. (*Id.* at 16.) For reasons discussed below, the Court disagrees with these arguments.

### A. Medical Opinion Evidence

Ms. Riggs argues the ALJ erred in discounting the opinion of Andrew Ditto, M.D., Ms. Lee's treating physician, without giving specific and legitimate reasons. (Pl. Br. at 10.) Defendant responds that the ALJ properly assigned little weight to Dr. Ditto's assessment and set forth specific reasons supported by evidence for doing so. (Def. Br. at 7.) The Court agrees with Defendant.

In assessing a claimant's RFC, the ALJ considers all of the relevant medical and other evidence, including medical opinion evidence. 20 C.F.R. § 404.1545(a)(3); *see* 20 C.F.R. § 404.1527. Generally, the greatest weight is given to the medical opinions of a treating physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). But a treating physician's opinion is entitled to controlling weight only if the opinion is "well-supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Jimenez v. Comm'r of Soc. Sec. Admin.*, 413 F. Supp. 3d 993, 999 (D. Ariz. 2019); 20 C.F.R. §§ 404.1527(d)(2); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings).

An ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" to reject a treating doctor's opinion. *Garrison*, 759 F.3d at 1012. An ALJ satisfies this standard by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Id.* Factors an ALJ may consider when evaluating any medical opinion include (1) whether the

source examined the claimant; (2) the length, frequency, nature, and extent of any treatment relationship; (3) the degree of support the opinion has, particularly from objective medical evidence; (4) the consistency of the opinion with the record as a whole; (5) the source's specialization; and (6) "other factors." 20 C.F.R. §§ 404.1527(c)(1)–(6); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Dr. Ditto completed an assessment of functional capacity (R. at 576–79), to which the ALJ assigned "little weight, as the evidence of record does not support the degree of limitations" proposed. (R. at 24.) Dr. Ditto's assessment stated that Ms. Lee's pain was "constantly severe enough" and her stress was "frequently severe enough" to interfere with work tasks. (R. at 576.) Additionally, in an eight-hour workday, Dr. Ditto stated that Ms. Lee could sit for about two hours, could stand and walk for about two hours, and would need to lie down or recline for less than one hour. (R. at 577.) He also found that Ms. Lee was able to occasionally lift and carry twenty pounds and frequently lift and carry fifteen pounds. (R. at 578.)

The ALJ listed several inconsistencies where the "evidence of record [did] not support the degree of limitations" proposed by Dr. Ditto's assessment. (R. at 24.) Ms. Lee noted "walking 2 to 3 miles prior to her surgery, which supports a greater degree of functioning" during the period for which she sought disability. (R. at 24, 306). The ALJ also found that the record showed Ms. Lee's "hip pain was adequately controlled with short-term use of acute pain medications," (R. at 24, 355), that she was "overall doing well," (R. at 24, 349), was "in no acute distress and ambulating without difficultly," (R. at 24, 309), reported her pain was "was doing well with maximum dose of gabapentin," (R. at 24, 303), was in "no acute distress, had 5/5 strength, normal sensory exam and had normal gait," (R. at 24, 294), and finally, that she was "doing well overall and felt that her pains were fairly well managed" in December 2016. (R. at 24, 279.) The ALJ concluded that there was no indication in Dr. Ditto's treatment records that he "ever limited the claimant's ability to sit, stand or lift for any 12 continuous months." (R. at 24.)[2]

---

[2] Plaintiff argues that the ALJ's statement that she was in "no acute distress" is an insufficient justification for finding a claimant less than credible. (Pl. Br. at 13 (citing *Ekola*

- 5 -

To the extent that Dr. Ditto "proposed limitations that interfere with attention and concentration," the ALJ noted that Ms. Lee reported she could "pay bills, count change, handle a savings account and use a checkbook." (R. at 24, 227.) She also reported that she could follow written instructions "fair" and spoken instructions "okay." (R. at 24, 228.) Ms. Lee also reported caring for three stepchildren. (R. at 24, 460.) The ALJ found that the records did not support the degree of limitation proposed by Dr. Ditto. (R. at 24.)

The Court is satisfied that the ALJ gave specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Ditto's opinion and finding that Ms. Lee was not disabled.[3] *See* 20 C.F.R. §§ 404.1527(c)(3)–(4); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

### B. Symptom Testimony

Ms. Riggs also alleges the ALJ erred in rejecting symptom testimony about Ms. Lee's limitations without giving specific, clear, and convincing reasons for doing so. (Pl. Br. at 16.) Social Security regulations require an ALJ to consider a claimant's statements about her symptoms when determining the claimant's RFC. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a). Defendant argues the ALJ set forth "multiple, specific and valid reasons supported by substantial evidence for discounting some of Plaintiff's subjective symptoms statements." (Def. Br. 13–14.) This Court agrees with Defendant.

In assessing a claimant's RFC, the ALJ considers a claimant's subjective allegations

---

*v. Colvin*, No. CV 13-01812-PHX-HRH, 2014 WL 4425783 (D. Ariz. Sept. 9, 2014)).) Even if this was an improper reason for discounting Plaintiff's symptom testimony, the ALJ relied on many other valid reasons to support this finding. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding ALJ's reliance on an invalid reason to discount claimant's allegations was "harmless error" where ALJ had also relied on other valid reasons).

[3] The Court is not persuaded by Ms. Riggs's argument that the "ALJ was not in a position to decide exactly what type of medical evidence was required to corroborate the degree of limitation the treating physician assessed." (Pl. Br. at 11.) The ALJ is charged to "assess [a claimant's] residual functional capacity based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), and to evaluate medical opinion evidence according to applicable regulatory standards, *see* 20 C.F.R. § 404.1527. The ALJ did not improperly decide what type of medical evidence was required, but instead "set forth his own interpretations and explain[ed] why they, rather than the doctors', [were] correct." *Garrison*, 759 F.3d at 1012.

and first "determine[s] the extent to which [any] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how [the] symptoms affect [the claimant's] ability to work." 20 C.F.R. § 416.929(a); *see id*. § 416.929(c)(2). Absent a finding of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting a claimant's allegations. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). General findings are not sufficient. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler*, 775 F.3d at 1099. The ALJ may consider "whether the claimant takes medication or undergoes other treatment for the symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling."). The ALJ may also consider "whether the alleged symptoms are consistent with the medical evidence."[4] *Lingenfelter*, 504 F.3d at 1040. "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Here, the ALJ considered testimony that Ms. Lee had several impairments that caused "arthritis pain in the hips and legs" and "all over her body," requiring her to use a wheelchair. (R. at 20–21.) The ALJ also noted that Ms. Lee "had a hard time understanding, remembering and concentrating, missed a lot of appointments and could not lift anything heavy." (R. at 21.) The ALJ that found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (*Id.*) Plaintiff, therefore,

---

[4] "[H]owever, an ALJ cannot reject a claimant's subjective pain or symptom testimony simply because the alleged severity of the pain or symptoms is not supported by objective medical evidence." *Lingenfelter*, 504 F.3d at 1040 n.11.

satisfied the first step of the analysis. At step two, however, the ALJ determined Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (*Id.*) To support this finding, the ALJ listed several reasons, such as drug-seeking behavior, a lack of objective evidence supporting Plaintiff's claims, inconsistent evidence and statements, a lack of treatment, improvement with medication and medical procedures, and Plaintiff's ability to engage in meaningful daily activities. (R. at 21–23.) The Court addresses whether the ALJ's reasons for rejecting Plaintiff's symptom testimony were sufficiently specific, clear, and convincing.

The ALJ noted that the record showed "references to drug seeking behavior in requesting medications." (R. at 21.) The ALJ explained that Ms. Lee's "drug seeking behavior suggests that [her] limitations due to pain intensity were not as severe as alleged," and pointed to "evidence of drug seeking behavior/abuse at various points during the adjudicatory period." (R. at 22.) The ALJ may properly reject a claimant's symptom testimony if she exhibits drug-seeking behavior during her alleged period of disability. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001); *see also Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003). For example, Ms. Lee admitted to not taking gabapentin as directed, including taking higher than prescribed doses. (R. at 453, 498, 570.) This behavior even caused her treating physician to refuse to prescribe more gabapentin. (R. at 448–49.) Other treating physicians also thought Ms. Lee's medications were being "misused" because she was seeking more lorazepam "even though she was given a 1 month supply 4 days ago." (R. at 411, 419, 422.) In September 2015, Ms. Lee was assessed for drug-seeking behavior. (R. at 326.) As the ALJ noted, several areas in the record demonstrated that Ms. Lee was abusing and misusing prescription drugs. (R. at 294, 335, 343–47, 354, 396, 598, 613, 632.) The ALJ properly considered Ms. Lee's misuse of pain medications and drug-seeking behavior as a basis to discredit her symptom testimony.

The ALJ also gave specific, clear and convincing reasons for rejecting Plaintiff's testimony based on inconsistent testimony. When evaluating the credibility of the claimant's symptom testimony, the ALJ may consider the claimant's prior inconsistent

statements about the alleged severity of her symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Plaintiff is incorrect that the ALJ failed to "tie-in the characterization of the medical record" with her symptom testimony. (Pl. Br. at 18.) For example, the symptom testimony indicated that Ms. Lee needed a wheelchair, had difficulty walking, and other movement issues. (R. at 40, 229, 235.) The ALJ noted that the record reflected "very little treatment for [Ms. Lee] prior to 2013," and the records for 2014 and 2015 show that Ms. Lee was "doing well and improving" and, after surgery, "generally do not mention an assistive device" (R. at 21). Ms. Lee herself noted that she was walking two to three miles daily before her surgery. (R. at 306.) Additionally, the ALJ noted that Ms. Lee had "normal gait and no difficulty walking" and reported she "had been walking around a swap meet for several hours." (R. at 21, 894.) The ALJ also noted inconsistencies with the objective medical evidence and the alleged difficulties with attention, concentration, and memory. (R. at 18–20.) Specifically, the ALJ cited examination findings and opinions that suggested that these difficulties were not as severe as the symptom testimony alleged. (R. at 47–48, 61, 69, 227, 268, 271.) The ALJ's reason for discounting Plaintiff's testimony on this basis is supported by substantial evidence and is adequately specific, clear, and convincing.[5]

The ALJ also found that Ms. Lee's alleged limitations were not supported by objective medical evidence. An ALJ may consider, but not solely rely on, a lack of objective evidence to discredit the claimant's testimony. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ observed that there were several unremarkable findings relating to Ms. Lee's impairments, such as physical exams pre- and post-surgery. (R. at 21–22.) For example, before surgery, Ms. Lee had several unremarkable or normal exams.

---

[5] Although Plaintiff cites other treatment records, and other language within the ALJ's cited medical evidence, to show there is a more rational interpretation to these inconsistencies, the Court must uphold the ALJ's credibility conclusion because it is supported by substantial evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. [Courts] must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."); *see also Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.").

(R. at 376, 378, 423, 451–52, 457–58, 460, 471, 482, 487, 489, 500–01, 506, 508, 510, 516, 526, 530, 560.) Ms. Lee even denied pain in one instance. (R. at 530.) The ALJ also pointed to parts in the record which "reveal[] that claimant was status post closed hip fracture." (R. at 21–22.) These examples include reports that after her surgery, Ms. Lee was overall "doing well" and that she had "5/5 strength." (R. at 309, 349, 633, 647, 687.) Although Plaintiff cites other treatment records, and other language within the ALJ's cited medical evidence, to show there is a more rational interpretation, the Court must uphold the ALJ's credibility conclusion because it is supported by substantial evidence in the record. *See Andrews*, 53 F.3d at 1039–40.

Further, the ALJ found that Ms. Lee's pain had been controlled or improved with medication. (R. at 21–23.) Social Security regulations allow ALJs to consider the effectiveness of medications taken to alleviate pain when evaluating the intensity and persistence of a claimant's subjective symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(iv). The ALJ pointed to medical exams showing that medications have improved or controlled Plaintiff's functioning and pain. (R. at 22–23 (citing R. at 303, 355, 406, 687).) In one report, Ms. Lee revealed that Lyrica was "very helpful" in treating her pain. (R. at 460.) Another report indicated that, when taking the medication as prescribed, Ms. Lee's diabetes seemed to be "improving" with medication. (R. at 469.) As noted, the Court cannot second-guess the ALJ's credibility finding if it is supported by substantial evidence in the record, even when the evidence is subject to more than one rational interpretation. *See Thomas*, 278 F.3d at 954. After consideration, the ALJ's reason for discounting the symptom testimony on this basis is supported by substantial evidence and is adequately specific, clear, and convincing.

Finally, the ALJ provided other reasons for discounting Plaintiff's allegations, such as records indicating inconsistencies with her reported activity level. (R. at 21–24.) Because the Court has found at least two legally valid reasons supported by substantial evidence for the ALJ's discounting of Plaintiff's allegations, it need not determine the validity of the ALJ's other reasons. Even if the Court were to find error in one or more of

these remaining reasons, it would not change the outcome. *See Bray*, 554 F.3d at 1227 (finding that the ALJ's reliance on an invalid reason to discount claimant's allegations was "harmless error" where the ALJ had also relied on other valid reasons).

Accordingly, Plaintiff's arguments do not persuade the Court that the ALJ improperly rejected Ms. Lee's symptom testimony.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED affirming** the November 15, 2018 decision of the Administrative Law Judge (R. 12–31.)

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 25th day of November, 2020.

Michael T. Liburdi
United States District Judge